■ COPEN ASSOCIATES, INC., Respondent, v DAN RIVER INC., Appellant. —Order, Supreme Court, New York County, entered May 10, 1976, granting petitioner's motion for reconsideration of its application for a stay of

arbitration, and upon reconsideration recalling the prior decision dated December 15, 1975 denying a stay, and staying arbitration until further order of the court to permit the petitioner to conduct disclosure with respect to the issue of bias in the claimed control of the arbitration forum, unanimously reversed, on the law and the facts, and the stay denied, and the original decision reinstated. Appellant shall recover of petitioner-respondent $40 costs and disbursements of this appeal. The respondent demanded arbitration with the petitioner, and the petitioner sought a stay designating five grounds, all of which were rejected in the original decision. Among those grounds was the fact that the respondent selected a division of the American Arbitration Association known as General Arbitration Council of the Textile Industry (GACTI) as the tribunal, which organization is allegedly controlled by large organizations in the textile field, including the respondent. On reconsideration, the court at Special Term granted a stay to permit the petitioner to conduct disclosure on this issue of bias and control. However, one purpose of arbitration is expedition, and the litigation ought not to be protracted. (See *Matter of Weinrott [Carp]*, 32 NY2d 190, 199.) As an initial matter, GACTI being a division of the American Arbitration Association, the arbitration should go forward. If bias or control should be developed, there is a regular procedure set forth in CPLR 7511 for raising that question after the determination. Concur—Kupferman, J. P., Lupiano, Silverman and Lane, JJ.