■  In the Matter of the Arbitration between ROGER F. WAGNER, Appellant, and AMERICAN ARBITRATION ASSOCIATION et al., Respondents.— Appeal from an order and judgment of the Supreme Court at Special Term, entered December 29, 1976 in Albany County, which dismissed petitioner's application seeking a stay of the arbitration herein and the removal of the arbitrator. On October 28, 1974, petitioner was allegedly injured in a motor vehicle accident, and he was thereafter denied first-party no-fault benefits by respondent American Empire Insurance Company. As a result, the matter was submitted to arbitration in accordance with subdivision 2 of section 675 of the Insurance Law, and a hearing thereon was conducted over a period of 12 days during October, 1976. Subsequent to this hearing, but prior to the rendering of the arbitrator's decision, petitioner moved at Special Term to stay the proceeding and remove the arbitrator, principally because of his alleged bias and prejudice against petitioner. Finding that petitioner could move to vacate the ultimate award should it develop that the arbitrator was partial (CPLR 7511, subd [b], par 1, cl [ii]) and that, therefore, he had an adequate statutory remedy available, Special Term dismissed the petition and this appeal ensued. We hold that the order and judgment appealed from should be affirmed. As ruled by Special Term, the question of bias on the part of an arbitrator is properly raised under CPLR 7511 after the arbitrator has rendered a decision *(Copen Assoc. v Dan Riv.,* 53 AD2d 843). With regard to any procedural objections of petitioner, they were waived by his continued participation in the arbitration proceeding (CPLR 7511, subd [b], par 1, cl [iv]). Order and judgment affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.